■Green, 3.
delivered the opinion of the court.
Two questions are raised upon this condition. 1. It is insisted that as -the act 1803, c. 3, § 14, prescribes, that the bond shall be conditioned to pay the taxes to -the trea *14 surer, on or before the first day in December in each year, and as the bond in this case is conditioned to pay on or before the 1st day of January, it is not a statutory bond, and no judgment by motion can be rendered. The difference between the bond which was executed, and that directed by the act of assembly to be taken, is in favor of the obligors, as it gives the sheriff one month longer, within which to pay the taxes. The court has constantly held, in relation to appeal and certiorari bonds, that although the condition might not be so extensive, as the act of assembly authorized, it was nevertheless good, as far as an obligation was created, and that to that extent a judgment might be rendered. The principle of these cases applies here. Although the collector is not required to pay the taxes so early by a month as the law authorizes, yet as the delay was beneficial to him, the bond was good to compel him to pay, at the time specified in it. In addition to this it may be remarked, that as by the fifteenth section of the same act, the collector is required to pay the taxes to the treasurer, by the last day of December; no proceeding can be had against him for non-payment. The bond, though in form as directed in the preceding section, is made payable the first day of December, yet it is not, in fact, payable till the last day of that month, so that the condition of the bond, in this case, corresponds with the obligation created by law
2nd. It is insisted, that as the law requires the bond to be conditioned for the payment of the taxes to the treasurer of the district, where the said sheriff resides, and in this bond he undertakes to pay to the treasurer of the district of Tennessee, and as there is no such officer, there is no obligation created to pay one, and therefore no recovery can be had.
This sheriff resided in Lincoln county, within the district of the treasurer of West Tennessee, and the taxes should have been made payable to the treasurer of the district of West Tennessee. To have specified the place where payable, with critical accuracy, would only have required the insertion of the word “West,” before the word Tennessee. This was manifestly intended by the parties. They live in West Tennessee. The law requires this sheriff to pay tq *15 the treasurer of West Tennessee, and except the amission of" the word “West,” they use all the words necessary to show a strict compliance With the law. The words used are insensible, if we are not permitted to supply the word “West;” but supplying that word, they are sensible, and are the precise words the law required should be used. This being the case, may not the word be supplied? We think it may. In the case of Coles vs. Hulme, 15 Com. Law Rep. 295, a suit was brought upon a penal bond, the pen-altybeing described as “seven thousand seven hundred,” without any species of money being mentioned. It however appeared from the recitals in the condition, that various sums expressed in pounds, were agreed to be paid, and hence it was apparent, that the parties intended to express the penalty also in' pounds, and therefore, the court said, that in furtherance of the intention of the parties the word “pounds” might be supplied. This case is full to the point, and so reasonable in itself, that we fully concur in its principle. But if.the words, “district of Tennessee” were rejected, so that it would read, “pay to the treasurer,” without specifying to which treasurer, the law would have directed the sheriff, and would have made it obligatory on him to pay to the treasurer of West Tennessee.
Judgment affirmed.